FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★        ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
Juan Grenados,

                Petitioner,

   -against-

United States of America,

                Respondent.
---------------------------------------------------------------- X

07 CV 103 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On January 4, 2007, the court received a Motion for Clarification of Presentence Jail Time Credits filed <u>pro se</u> by Mr. Juan Grenados. In his motion, Mr. Grenados alleges that the Bureau of Prisons ("BOP") has improperly failed to credit pre-sentence jail time served after the completion of his state sentence. Mr. Grenados appears to style his pleading as a post-conviction motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (<u>See</u> Mot. ¶ 3.) However, the appropriate vehicle for challenging the BOP's determination of sentence credit is not a Rule 36 post-conviction motion but rather a petition challenging the execution of a sentence pursuant to 28 U.S.C. § 2241. See <u>Garcia-Cruz v. United States</u>, 270 F. Supp. 2d 353, 355 (S.D.N.Y. 2003); <u>United States v. Donohue</u>, 93 Cr. 422, 1999 WL 690154 (E.D.N.Y. Aug. 28, 1999) (unreported); <u>see also</u> <u>Villanueva v. United States</u>, 346 F.3d 55, 63 (2d Cir. 2003) (stating that a petition under § 2241 is the only potential vehicle to obtain an order directing the BOP to recalculate a federal sentence). A § 2241 petition for this purpose must be brought in the district where the petitioner is in custody, and petitioner must have exhausted the available remedies within the BOP. See <u>Garcia-Cruz</u>, 270 F. Supp. 2d at 356-57; <u>see also</u> <u>Werber v. United States</u>, 51 F.3d 342, 349 n.17 (2d Cir. 1995).

Due to petitioners' <u>pro se</u> status, the court may construe Mr. Grenandos' submission liberally as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See <u>Chambers v. United</u>

1

States, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe [pro se] petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."); see generally Haines v. Kerner, 404 U.S. 519 (1972) (pro se pleadings to be construed liberally). However, due to potential restrictions on bringing a second or successive § 2241 motion, district courts in this circuit are required to provide the petitioner with notice and an opportunity to decline the conversion or withdraw the motion prior to converting post-conviction motions into § 2241 petitions for habeas corpus. See Simon v. United States, 359 F.3d 139, 145 (2d Cir. 2004).

Consequently, petitioner is hereby notified that the court finds that the instant application, notwithstanding its designation, should be construed as a petition brought pursuant to 28 U.S.C. § 2241. Petitioner may withdraw the instant application if he does not wish to pursue relief under § 2241. Should petitioner choose to withdraw his application, he must notify the court within sixty (60) days of the date of the instant order. If petitioner fails to notify the court within the time allowed that he wishes to withdraw the instant application, the application shall be designated as a petition for a writ of habeas corpus under § 2241 and transferred to the United States District Court for the Southern District of Texas, the district in which petitioner is in custody. Any determination regarding the exhaustion of available remedies shall be left to the transferee court. Upon transfer of his petition, Mr. Grenados must either pay the filing fee of $350 or request in forma pauperis status in compliance with the procedures of the transferee court.

Due to petitioner's pro se status, the Clerk of the Court has been directed to assign a civil docket number. However, should petitioner choose to withdraw the instant petition, he shall be permitted to do so without prejudice to a second or subsequent § 2241 petition.

2

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 10, 2007
Brooklyn, New York

**SERVICE LIST:**

### *Pro Se* Petitioner:

Juan Granados
47379-053
Jim Wells - B
Federal Correctional Inst.
PO Box 4200
Three Rivers, TX 78071

### Attorney for the United States of America:

United States Attorney's Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201